**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LUXOTTICA GROUP S.P.A., an Italian corporation<br><br>Plaintiff,<br><br>v.<br><br>ANAS ALFAHAD a/k/a ALEX JAYSON,<br><br>Defendant. | Case No. 1:26-cv-5752<br><br><br>(DEMAND FOR JURY TRIAL) |

## COMPLAINT

Plaintiff, Luxottica Group S.p.a. ("Luxottica Group" or "Plaintiff"), through its undersigned counsel, sues Defendant, Anas Alfahad a/k/a Alex Jayson ("Defendant"), and alleges:

## INTRODUCTION

1. This lawsuit arises from the theft of Luxottica Group's intellectual property by Defendant Alfahad's ongoing promotion and sale of sunglasses bearing counterfeits of Luxottica Group's federally registered Ray-Ban trademarks (the "Counterfeit Merchandise"). Alfahad has been advertising, offering for sale and selling Counterfeit Merchandise via his online retail storefront on eBay.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a trademark claim arising under 15 U.S.C. §§ 1114 (the "Lanham Act").

3.     Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant resides in, and continues to infringe Luxottica Group's trademarks in, this Judicial District.

## PARTIES

4.     Plaintiff, Luxottica Group is an Italian corporation with a principal place of business in Milan, Italy.

5.     Defendant, Anas Alfahad a/k/a Alex Jayson is a resident of Aurora, Illinois. Alfahad owns and operates an online retail storefront on eBay (www.ebay.com/usr/the_eyewear_outlet_co), which he uses to engage in the promotion and sale of Counterfeit Merchandise within this Judicial District.

## FACTUAL ALLEGATIONS

**A.     The World-Famous Luxottica Brands and Products.**

6.     Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world.  Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette, among others.

7.     Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

8.     Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including in Illinois.

9.      Luxottica Group has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to those detailed in this Complaint.

10.      Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks (defined below).  As a result, products bearing the Ray-Ban trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

11.      Luxottica Group is the owner of various trademarks under the Ray-Ban brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Ray-Ban Trademarks"), which are at issue in this lawsuit:

| Registration Number | Trademark | Good and Services |
| --- | --- | --- |
| 650,499 | *Ray-Ban* | For: sunglasses, shooting glasses and ophthalmic lenses in class 9. |
| 1,093,658 | *Ray-Ban* | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| 1,726,955 | *Ray-Ban* | For: cloths for cleaning ophthalmic products in class 21. |
| 1,080,886 | RAY-BAN | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles in class 9. |

3

| | | |
|---|---|---|
| 3,522,603 | Ray-Ban | For: sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses in class 9. |
| 1,511,615 | LUXOTTICA ☆☆ | For: eyeglasses, sunglasses, temples and eyeglass frames in class 9. |
| 2,971,023 | RB | For: sunglasses, eyeglasses, eyeglass lenses in class 9. |
| 590,522 | G-15 | For: Sunglasses and ophthalmic lenses, in class 9. |
| 1,320,460 | Ray-Ban | For: protective cases and covers in class 9. |

12. Luxottica Group has long been manufacturing and selling eyewear in interstate commerce under the Ray-Ban Trademarks.[1] These registrations are valid and incontestable.

13. The registration of the Ray-Ban Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

14. The registration of the Ray-Ban Trademarks also provides constructive notice to Defendant of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

---

[1] All registrations originally held in the name of Luxottica Group's predecessor-in-interest as owner of the Ray-Ban Trademarks, Bausch and Lomb, were assigned in full to Luxottica Group in 1999.

15. The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.     Defendant's Infringing Activities.**

16. On December 15, 2025, Luxottica Group's investigator visited Defendant's online eBay account and discovered that Defendant was advertising, publicly displaying, and offering for sale sunglasses bearing logos and source-identifying indicia and design elements that are imitations of the Ray-Ban Trademarks.

17. Luxottica Group's investigator purchased four pairs of sunglasses bearing counterfeits of one or more of the Ray-Ban Trademarks for a total of $300.57 (including tax) (Order # 01-13991-18973). Photographs of the counterfeit sunglasses and accessories purchased on December 15, 2025 are depicted below:

 



18.     On January 26, 2026, Luxottica Group's investigator again visited Defendant's online eBay account and discovered that Defendant continued advertising, publicly displaying, and offering for sale sunglasses bearing logos and source-identifying indicia and design elements that are imitations of the Ray-Ban Trademarks.

19.     Luxottica Group's investigator purchased one pair of sunglasses bearing counterfeits of one or more of the Ray-Ban Trademarks for a total price of $74.64 (including tax) (Order # 11-14152-37139).  Photographs of the counterfeit sunglasses purchased on January 26, 2026 are depicted below:



20.     Luxottica Group subsequently inspected the items purchased from Defendant on December 15 and January 26 and determined that the Ray-Ban Trademarks affixed to the sunglasses and accessories are either incorrect or inconsistent with the Ray-Ban Trademarks found on similar products bearing authentic Ray-Ban Trademarks.

21.     Luxottica Group also determined that the items purchased from Defendant infringed one or more of the Ray-Ban Trademarks and bore reproductions of marks that are identical with, or substantially indistinguishable from one or more of the Ray-Ban Trademarks.

22.     Luxottica Group did not manufacture or authorize any third party to manufacture any of the Ray-Ban branded products that were being offered for sale and sold by the Defendant as identified herein.

23.     Defendant does not have any license, authority, or other permission from Luxottica Group to use the Ray-Ban Trademarks in connection with the advertising, promoting, distributing, displaying, selling, and/or offering for sale of the Counterfeit Merchandise.

24.     Defendant has used Luxottica Group's Ray-Ban Trademarks without authorization and without compensation to Luxottica Group.

25.     The forgoing acts of the Defendant constitute direct trademark infringement and counterfeiting in violation of the Lanham Act.

26.     The forgoing acts of the Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Counterfeit Merchandise offered for sale and sold by the Defendant are authentic or authorized products of Luxottica Group.

27.     The activities of the Defendant, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

28.     Defendant is aware of the extraordinary fame and strength of the Ray-Ban brand, the Ray-Ban Trademarks, and the incalculable goodwill associated therewith.

29.     Defendant's knowing and deliberate hijacking of Luxottica Group's famous marks, and sale of Counterfeit Merchandise has caused, and continues to cause, substantial and irreparable harm to Luxottica Group's goodwill and reputation.  In addition, the damage caused by Defendant

8

is especially severe because the Counterfeit Merchandise is cheap and inferior in quality to products bearing authentic Ray-Ban Trademarks.

30. Luxottica Group also seek damages as a result of Defendant's knowing, deliberate and willful disregard of the activities infringing Luxottica Group's Ray-Ban Trademarks.

### COUNT I
### (15 U.S.C. § 1114)
### (Trademark Infringement)

31. Luxottica Group repeats and re-allege the allegations set forth in Paragraphs 1 through 30 above.

32. This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of one or more of Luxottica Group's Ray-Ban Trademarks.

33. Defendant has promoted, advertised, offered for sale and sold products bearing counterfeits of one or more of Luxottica Group's Ray-Ban Trademarks without Luxottica Group's permission and without any compensation to Luxottica Group.

34. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and sold by Defendant are authentic or authorized products of Luxottica Group.

35. Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

36. Defendant has directly and willfully infringed Luxottica Group's Ray-Ban Trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

9

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, Luxottica Group S.p.A. respectfully requests that this Court enter judgment in its favor and against Defendant Anas Alfahad as follows:

A.      Finding that: Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114);

B.      Awarding Luxottica Group statutory damages for trademark infringement in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117(c));

C.      Awarding Luxottica Group such additional and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luxottica Group requests a trial by jury in this matter.

Dated: May 18, 2026                              Respectfully submitted,

By:      /s/ Brett J. Geschke

Brett J. Geschke
**UB Greensfelder LLP**
200 West Madison Street, Suite 3300
Chicago, Illinois 60606
(312) 658-6558 Telephone
bgeschke@ubglaw.com

David B. Rosemberg (Fla. Bar. 0582239)
(*pro hac vice motion to be filed*)
**ROSEMBERG LAW**
20200 W. Dixie Hwy., Suite 602
Aventura, FL 33180
Ph: 305.602.2008
Fax: 305.602.0225
Email: david@rosemberglaw.com

*Counsel for Plaintiff Luxottica Group S.p.A.*

10